**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CAROLINA VILLAGRAN, ET AL** | **CIVIL ACTION NO.: 2:22-CV-170** |
| **VS.** | **JUDGE: JAMES D. CAIN, JR.** |
| **LA HERRADURA, LLC AND RIGOBERTO MELENDEZ** | **MAGISTRATE JUDGE: KATHLEEN KAY** |

<u>**MEMORANDUM IN SUPPORT OF**</u>
<u>**MOTION FOR PARTIAL SUMMARY JUDGMENT FINDING DEFENDANT LIABLE**</u>
<u>**FOR UNPAID MINIMUM WAGES, LIQUIDATED DAMAGES, ATTORNEY FEES,**</u>
<u>**AND COSTS**</u>

Respectfully submitted:

Simien & Simien, L.L.C.
Attorneys and Counselors At Law
7908 Wrenwood Boulevard
Baton Rouge, Louisiana 70809
(225) 932-9221; (225) 932-9286 (fax)

_____*s/Roy Bergeron, Jr.*_____
By:    Eulis Simien, Jr., Bar # 12077
        eulissimien@simien.com
        Jimmy Simien, Bar # 1598
        jimmysimien@simien.com
        Roy L. Bergeron, Jr., Bar # 33726
        roybergeron@simien.com

## <u>TABLE OF CONTENTS</u>

**Table Of Authorities** ................................................................................................ 3

**Memorandum in Support of Motion for Partial Summary Judgment Finding Defendant Liable for Unpaid Minimum Wages, Liquidated Damages, Attorney Fees, and Costs** ....... 4

**I. Factual Background** .............................................................................................. 5

**II. Legal Standard on Motion for Summary Judgment** ........................................... 7

**III. La Herradura Violated the FLSA by Failing to Pay the Plaintiffs Any Amounts at All for Work Performed During the Last Four Weeks of Their Employment** .......................... 9

**IV. La Herradura Is Liable to Each of the Plaintiffs for Their Unpaid Minimum Wages for Every Hour Worked During the Last Four Weeks of Employment** ..................................... 10

**V. La Herradura Is Liable to Each of the Plaintiffs for Liquidated Damages in an Amount Equal to Their Unpaid Minimum Wages for the Last Four Weeks of Employment** ........... 11

**VI. La Herradura Is Liable to the Plaintiffs for a Mandatory Award of Reasonable Attorney's Fees and Costs** .................................................................................... 12

**VII. Conclusion** ..................................................................................................... 14

## <u>**TABLE OF AUTHORITIES**</u>

<u>**CASES**</u>

*Ackerman v. Penn Nat'l Gaming Inc.*, 2023 WL 4355173 (W.D. La. July 5, 2023) ..................... 8

*Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464 (5th Cir. 1979)....................................... 12

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945) ...................................................................... 9

*Montano v. Montrose Rest. Associates, Inc.*, 800 F.3d 186 (5th Cir. 2015) ................................ 9

*Owens v. Marstek, L.L.C.*, 548 Fed. Appx. 966 (5th Cir. 2013). ........................................... 11-12

*Singer v. City of Waco, Tex.*, 324 F.3d 813 (5th Cir. 2003).......................................................... 12

*Steele v. Leasing Enterprises, Ltd.*, 826 F.3d 237 (5th Cir. 2016).......................................... 9, 13

<u>**STATUTES**</u>

29 U.S.C. § 203 ............................................................................................................................... 9

29 U.S.C. § 206 ..................................................................................................................... 9, 10, 13

29 U.S.C. § 216 ......................................................................................................... 4, 9, 10, 11, 13

29 U.S.C. § 260 ............................................................................................................................. 12

**MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT FINDING DEFENDANT
LIABLE FOR UNPAID MINIMUM WAGES, LIQUIDATED DAMAGES, ATTORNEY
FEES, AND COSTS**

Plaintiffs Carolina Villagran, Patricia Villagran, Guadalupe Yesenia Villagran, Joel Isai Rosas, Francisco Javier Angel Perez, and Jorge Alejandro Aranda, worked for defendant La Herradura, LLC operating a restaurant in Lake Charles, Louisiana, for approximately three months from June 2021 to September 2021. The parties disagree on the total number of hours worked by the plaintiffs each week during that period, the amounts that the plaintiffs were supposed to be paid during their employment, and other facts that will be resolved at trial. However, what is undisputed, and what is at issue in this limited motion for partial summary judgment, is that La Herradura did not pay the plaintiffs any amounts at all for their final four weeks of employment, even though La Herradura's owner admits that the plaintiffs are still owed something for working during those four weeks.

Based on these undisputed facts, the plaintiffs ask the Court to grant partial summary judgment finding that, as a matter of law, La Herradura violated the minimum wage provisions of the Fair Labor Standards Act, and that it is therefore liable to each of the plaintiffs for their unpaid minimum wages during that four-week period, an equal amount for liquidated damages, reasonable attorney fees, and costs of this litigation under 29 U.S.C. § 216(b). The total number of hours worked during that period, the amount of unpaid minimum wages owed, the amount of liquidated damages owed, and the amount of attorney fees and costs to be paid by the defendants need not be decided at this time and are instead reserved for determination at trial, along with the plaintiffs' other claims in this case which are not at issue in this motion. However, because La Herradura's

4

liability for violating the FLSA based on the non-payment of any wages to the plaintiffs for their last four weeks of employment is undeniable, the plaintiffs' motion for partial summary judgment should be granted as prayed for.

## I.      Factual Background

This suit arises from the plaintiffs' claims for unpaid wages and other amounts owed to them for work they performed in a restaurant called "El Patron." Although El Patron was the name of the restaurant where the plaintiffs worked, the restaurant was operated under a Louisiana limited liability company called La Herradura, LLC.[1]  The restaurant was located at 2624 Gerstner Memorial Drive in Lake Charles, Louisiana.[2]  At all times pertinent to the claims in this case, defendant Rigoberto Melendez was the owner of La Herradura, LLC, and he has been its owner since the time that business was first registered in 2005.[3]

The plaintiffs worked in El Patron during their employment with defendant La Herradura, LLC from June 14, 2021, through September 8, 2021.[4]  The defendants admit that the plaintiffs were employed by La Herradura, and that they worked the following positions in the restaurant: Carolina was a waitress/server, Guadalupe was a manager/server, Francisco was a cook, Joel was

---

[1] Deposition of Rigoberto Melendez at 12:20-13:4 (attached as **Exhibit A** *in globo*).

[2] Plaintiff's First Superseding and Amended Complaint for Damages at ¶ 6 (Doc. 3); Defendants' Answer to First Superseding and Amended Complaint for Damages at ¶ 6 (Doc. 11).

[3] Plaintiff's First Superseding and Amended Complaint for Damages at ¶ 6 (Doc. 3); Defendants' Answer to First Superseding and Amended Complaint for Damages at ¶ 6 (Doc. 11); **Exhibit A** at 13:4-13:9 and 13:13-14:10.

[4] Plaintiff's First Superseding and Amended Complaint for Damages at ¶ 17-18 (Doc. 3); Defendants' Answer to First Superseding and Amended Complaint for Damages at ¶ 17-18 (Doc. 11). The plaintiffs also allege that they performed work for the defendants to prepare the building for use as a restaurant following Hurricanes Laura and Delta, for which they contend they are also still owed additional payments. Doc. 3 at ¶ 13-17. However, the issues in this motion for partial summary judgment are related solely to the operation of the restaurant from June 14, 2021, to September 8, 2021.

a dishwasher and cook, Jorge was a cook, and Patricia was a waitress/server.[5]  Although the plaintiffs' specific positions within the restaurant are not material to this motion, what is material, and what is undisputed, is that "[a]ll Plaintiffs were non-exempt employees" of La Herradura.[6]

As indicated above, there are disputes between the parties regarding how much each of the plaintiffs was supposed to be paid during their employment. Because of the disputes regarding the amount of payment each plaintiff was supposed to receive, as well as disputes regarding the total number of hours each of the plaintiffs worked each workweek during their employment with La Herradura, this motion for partial summary judgment does <u>not</u> seek a ruling on the amounts that each plaintiff is entitled to recover.

Instead, what this motion seeks is a finding that La Herradura is liable for violating its statutory duty to pay minimum wages during a discrete period of time. Mr. Melendez, as owner of La Herradura, testified that he does not dispute that the plaintiffs are still owed "something" for the work they performed during their employment in the restaurant.[7]  Specifically, although the plaintiffs contend that there are also other amounts that are still owed to them which are in dispute and which will have to be determined at trial, what is not in dispute for purposes of this motion is that the plaintiffs were not paid anything at all for the last four weeks they performed work for La Herradura.[8]  As Mr. Melendez testified:

> Q.    I know earlier you said that you didn't dispute that some amounts were due.

---

[5] Plaintiff's First Superseding and Amended Complaint for Damages at ¶ 19 (Doc. 3); Defendants' Answer to First Superseding and Amended Complaint for Damages at ¶ 19 (Doc. 11); Defendant's Response to Interrogatory Nos. 2 and 21 (attached as **Exhibit B**). The plaintiffs alleged in the Complaint that Patricia Villagran was a hostess, but the defendants contend that she was actually a waitress/server. Although there is a dispute in the pleadings on that point, for purposes of this motion, it is not a material fact that would preclude summary judgment, since either way, Patricia Villagran was a non-exempt employee who was entitled to be paid the federal minimum wage.
[6] **Exhibit B**, Defendants' Response to Interrogatory No. 3.
[7] **Exhibit A** at 74:1-74:3 ("Q. So you don't dispute that there is something still owed to the plaintiffs? A. Yes. I don't dispute that.").
[8] **Exhibit A** at 76:4-78:14 and 80:1-9.

> But do you dispute the claim in that text message that there were two biweekly payments that are still due?

A.    Yes. Two biweekly payments, yes.

Q.    Let me make sure the record is clear on what the yes means. It's a yes, he agrees that amount is due?

A.    Yes.[9]

Despite Mr. Melendez's acknowledgement that the plaintiffs are owed two bi-weekly payment, those amounts that are undisputedly owed still have not been paid to them.[10]  Thus, defendant La Herradura admittedly owes each of the plaintiffs at least two bi-weekly payments, or four weeks of work, for which they have not been paid. This final four-week period is what is at issue in this limited motion for partial summary judgment.

## II.    Legal Standard on Motion for Summary Judgment

The plaintiffs seek summary judgment on a part of their claims pursuant to Fed. R. Civ. Proc. 56(a). This Court recently articulated the standard on a motion for summary judgment as follows:

> A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

> If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th

---

[9]  **Exhibit A** at 80:1-9.
[10]  Exhibit A at 77:24-78:1.

Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted). The Court is not required to search the record for material fact issues. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

*Ackerman v. Penn Nat'l Gaming Inc.*, 2023 WL 4355173, at *1 (W.D. La. July 5, 2023).

This motion for partial summary judgment is timely filed on or before the dispositive motion deadline of July 12, 2023, as set forth in the Court's Scheduling Order. (Doc. 16.) As established by the statement of undisputed material facts and supporting evidence filed with this motion, there are no genuine disputes as to any material fact, and as a matter of law the motion should be granted. The plaintiffs are therefore entitled to a ruling by this Court granting their motion for partial summary judgment and finding that, as a matter of law, La Herradura violated the minimum wage provisions of the Fair Labor Standards Act by failing to pay the plaintiffs any amounts at all for any of the hours worked during the last four weeks of their employment. As a result, La Herradura is liable as a matter of law for all unpaid minimum wages owed to each of the plaintiffs for those four weeks, an equal amount of those unpaid minimum wages as liquidated damages, reasonable attorney fees, and the costs of this action. The plaintiffs do not seek a ruling regarding the amounts owed by La Herradura for each of those categories, and therefore amounts owed by La Herradura are reserved for determination after a trial on the merits.

**III.    La Herradura Violated the FLSA by Failing to Pay the Plaintiffs Any Amounts at All for Work Performed During the Last Four Weeks of Their Employment**

The plaintiffs seek a partial summary judgment on La Herradura's liability for violation of the minimum wage provisions of the Fair Labor Standards Act. The FLSA sets a minimum wage of $7.25 for employees engaged in commerce. 29 U.S.C. § 206(a)(1). Although the FLSA allows employers to pay certain employees, including servers, $2.13 per hour, the employer must still ensure that such employees ultimately receive at least the $7.25 minimum wage after tips are included in the calculation. 29 U.S.C. § 203(m); *Montano v. Montrose Rest. Associates, Inc.*, 800 F.3d 186, 188 (5th Cir. 2015). The burden is on the employer to establish its entitlement to any alleged "tip credit." *Steele v. Leasing Enterprises, Ltd.*, 826 F.3d 237, 242 (5th Cir. 2016). The FLSA provides a cause of action for employees against their employers for violation of the statutory requirement to pay the federal minimum wage. 29 U.S.C. § 216(b). An employee's right to recover for violations of the minimum wage provision of the FLSA cannot be waived. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

It is undisputed that all of the plaintiffs were non-exempt employees of La Herradura.[11]  It is also undisputed that, even though La Herradura owes the plaintiffs for the last four weeks of work, it has not paid the plaintiffs any amounts at all for the work they performed during those last four weeks of their employment.[12]  Therefore, La Herradura necessarily violated the minimum wage provisions of the FLSA by paying the plaintiffs $0.00 per hour, less than the federal minimum wage of $7.25, for each hour worked during the last four weeks of their employment.

Three of the plaintiffs (Carolina, Patricia, and Guadalupe) were employed as waitresses or

---

[11] **Exhibit B**, Defendants' Response to Interrogatory No. 3.
[12] **Exhibit A** at 74:1-74:3 and 80:1-9.

servers, such that, assuming all other requirements of the law had been satisfied, La Herradura could potentially have legally paid them $2.13 per hour, plus tips. However, La Herradura has offered no evidence or records of any tips that may have been received by those plaintiffs during the final four weeks of their employment. Therefore, La Herradura cannot carry its burden of establishing that it may even be entitled to a tip credit. Further, even if it were able to carry that burden, La Herradura would still be liable for paying $2.13 per hour plus any additional amounts necessary to ensure that the waitresses and servers were paid at least $7.25 per hour. As Mr. Melendez admits, the plaintiffs were not paid anything at all for the final four weeks of their employment. Therefore, whether La Herradura is liable to those three plaintiffs for $2.13 per hour or $7.25 per hour, it still violated the FLSA by not paying the plaintiffs anything at all for the time they worked during the last four weeks of employment.

Therefore, for the reasons set forth above, including the admission that the plaintiffs were not paid their last two bi-weekly checks, the Court should find that La Herradura violated the minimum wage provision of the FLSA.

## IV.     La Herradura Is Liable to Each of the Plaintiffs for Their Unpaid Minimum Wages for Every Hour Worked During the Last Four Weeks of Employment

Because La Herradura violated the minimum wage provisions of the FLSA by admittedly failing to pay the plaintiffs any amounts at all for their last four weeks of work, the Court should find that La Herradura is liable to each of the plaintiffs for the total amount of their unpaid minimum wages for those four weeks. Under 29 U.S.C. § 216(b), "[a]ny employer who violates the provisions of section 206 . . . of this title **shall** be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . ." (Emphasis added.) At this time, it is

undisputed that the plaintiffs are owed "something" for their final four weeks of employment.[13] There is only a dispute as to how many hours each of the plaintiffs worked during that period and the total amount that is owed to them for those hours worked. Because of that dispute, the plaintiffs do not ask the Court to issue a ruling on either the number of hours worked or the amount of unpaid minimum wages owed to the plaintiffs for their final four weeks of employment. Instead, for purposes of this limited motion, the plaintiffs seek an Order finding that La Herradura is liable to the plaintiffs for unpaid wages at the federal minimum wage rate of $7.25 per hour for each hour worked by the plaintiffs during the last four weeks of their employment. The total number of hours worked and the amount to be paid to each of the plaintiffs for that time (along with the plaintiffs' other claims not addressed in this motion) are reserved for determination at trial after presentation of the evidence.[14]

## V.   La Herradura Is Liable to Each of the Plaintiffs for Liquidated Damages in an Amount Equal to Their Unpaid Minimum Wages for the Last Four Weeks of Employment

Because La Herradura is liable for violating the minimum wage provisions of the FLSA based on the admission of Mr. Melendez that the plaintiffs are still owed wages for their final four weeks of work for La Herradura, the plaintiffs are each also entitled to recover liquidated damages. Under 29 U.S.C. 216(b), an employer that violates its duty to pay minimum wages "shall" also be liable for liquidated damages in an amount equal to the amount of unpaid minimum wages owed to the employee. The Court "must award liquidated damages" unless the defendant establishes that

---

[13] **Exhibit A** at 74:1-74:3.

[14] The plaintiffs have alleged that they are entitled to recover additional amounts for their unpaid wages throughout the course of their employment with La Herradura, including amounts owed in excess of the federal minimum wage based on agreement of the parties as well as unpaid overtime wages. Since these amounts are in dispute, they are not part of this motion. However, although the defendants may later be found at trial to be liable to the plaintiffs for an hourly rate greater than the federal minimum wage, for purposes of this motion, the plaintiffs seek a finding that, at a minimum, La Herradura is liable for the unpaid wages at the federal minimum wage rate.

11

the exception under 29 U.S.C. § 260 applies. *Owens v. Marstek, L.L.C.*, 548 Fed. Appx. 966, 972 (5th Cir. 2013). Under that statute, the Court can decline to award, or can reduce the amount of, liquidated damages <u>only</u> if the employer carries its "substantial burden" of proving that it "acted in 'good faith' and had 'reasonable grounds' to believe that its actions complied with the FLSA." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 822–23 (5th Cir. 2003) (quoting 29 U.S.C. § 260). As to this defense, the Fifth Circuit has previously recognized that "[a]pathetic ignorance" or failure "to investigate potential liability" do not constitute good faith or reasonable grounds under the statute. *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468–69 (5th Cir. 1979).

In this case, La Herradura has no excuse for its failure to pay the plaintiffs the amounts they are owed for minimum wages for the last four weeks of their employment. Mr. Melendez admits that the plaintiffs are still owed two bi-weekly payments and that those payments have not been made. In the absence of any evidence at all of <u>both</u> its "good faith" and "reasonable grounds" for failing to pay the plaintiffs what they are owed for the last four weeks of their employment—which is the defendant's "substantial burden" to prove—La Herradura must be held liable for liquidated damages in the amounts required by the statute. The Court should therefore grant this motion and find that the plaintiffs are entitled to recover liquidated damages from La Herradura in an amount equal to the amount owed to them for minimum wages for the last four weeks of their employment. As with the amount of minimum wages due to each the plaintiffs, the amount of liquidated damages due to them can be reserved for determination at trial following the presentation of all the evidence.

## VI.   La Herradura Is Liable to the Plaintiffs for a Mandatory Award of Reasonable Attorney's Fees and Costs

For the same reasons that La Herradura is liable for liquidated damages, the Court should

12

also enter summary judgment in favor of the plaintiffs finding La Herradura liable to the plaintiffs for reasonable attorney fees and costs. Under 29 U.S.C. § 216(b), an employer that violates the minimum wage provision of the FLSA "shall" also be liable for "a reasonable attorney's fee to be paid by the defendant, and costs of the action." Although the amount of attorney fees to be awarded is at the discretion of the Court, the Fifth Circuit has held that "the FLSA **mandates** the award of reasonable attorney's fees and costs." *Steele*, 826 F.3d at 249 (emphasis added). Thus, if the Court finds that La Herradura violated the FLSA, it must also find that La Herradura is liable to the plaintiffs for a mandatory award of attorney fees and costs.

For purposes of this motion, the plaintiffs do not ask the Court to enter an award for a specific amount of attorney fees and costs. Instead, the plaintiffs seek an Order finding that La Herradura is liable as a matter of law for a mandatory payment of attorney fees and costs to the plaintiffs as a result of its violation of the minimum wage provisions of the FLSA under 29 U.S.C. § 206, with the specific amount of the attorney fee and cost awards to be determined at a later date. Because the litigation is ongoing and the plaintiffs will be pursuing additional amounts for minimum wages, overtime wages, and other amounts that will necessarily require additional work by counsel to pursue those claims, which will increase the amount of recoverable attorney fees and costs, the total amounts of those awards should be reserved for determination at trial or following the submission of a motion for attorney fees pursuant to Fed. R. Civ. Proc. 54(d)(2). However, even though the specific amounts will not be determined until a later date, the Court can still rule as a matter of law that La Herradura is liable for attorney fees and costs, with only the specific amount of such an award left to be decided.

13

## VII.    Conclusion

It is undisputed that La Herradura failed to pay the plaintiffs any amounts owed to them for the work they performed during the last four weeks of their employment, which necessarily includes the federal minimum wages owed to them for every hour worked during that period. As a matter of law, La Herradura is therefore liable to each of the plaintiffs for their unpaid wages at the federal minimum wage rate of $7.25 per hour, liquidated damages in an equal amount to the unpaid minimum wages, attorney fees, and costs.

Even though the parties may dispute the number of hours worked and the total amount owed to the plaintiffs for the work they performed during that four-week period, that does not preclude a finding by the Court on La Herradura's liability for violating the minimum wage provisions of the FLSA. The total amounts that may be owed by La Herradura as a result of its violations is a question of quantum, which can be decided after a trial on the merits. However, for purposes of this limited motion, there is no dispute of fact that precludes partial summary judgment on La Herradura's liability under the FLSA for its failure to pay any amounts to the plaintiffs for their final four weeks of work. Although the specific amount of unpaid wages, liquidated damages, attorney fees, and costs need not be determined at this time, the Court can and should rule that an award of those amounts is warranted, and that the specific amounts due will be determined either at trial or, for the attorney fee claim, upon the filing of a motion pursuant to Fed. R. Civ. Proc. 54(d)(2).

For the above reasons, the plaintiffs respectfully request that this motion for partial summary judgment on La Herradura's liability for unpaid wages, liquidated damages, attorney fees, and costs be granted as prayed for.

14

Respectfully submitted:

Simien & Simien, L.L.C.
Attorneys and Counselors At Law
7908 Wrenwood Boulevard
Baton Rouge, Louisiana 70809
(225) 932-9221; (225) 932-9286 (fax)


　　　　　*s/Roy Bergeron, Jr.*
By:　　Eulis Simien, Jr., Bar # 12077
　　　　eulissimien@simien.com
　　　　Jimmy Simien, Bar # 1598
　　　　jimmysimien@simien.com
　　　　Roy L. Bergeron, Jr., Bar # 33726
　　　　roybergeron@simien.com

15