UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CAROLINA VILLAGRAN ET AL** | **CASE NO. 2:22-CV-00170** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LA HERRADURA L L C ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is "Plaintiffs' Motion in Limine" (Doc. 30) wherein Plaintiffs Carolina Villagran, Patricia Villagran, Guadalupe Yesenia Villagran, Joel Isai Rosas, Francisco Javier Angel Perez, and Jorge Alehandro Aranda, move the Court for an Order that would prohibit Defendant from introducing evidence, testimony, and/or arguments regarding the following matters at the bench trial of this matter:

1. Plaintiffs' immigration and citizenship status;
2. Plaintiffs' payment of income taxes;
3. Any purported waiver, agreement, or acceptance by the Plaintiffs to receive wages in an amount less than the federal minimum wage or overtime wage rates.
4. Defendants' financial status or ability to pay a judgment.

## INTRODUCTION

This lawsuit involves Plaintiffs' allegations that their employer, Rigoberto Melendez and LaHerradura, LLC (the "El Patron" restaurant") failed to pay Plaintiffs in accordance with the Fair Labor Standards Act ("FSLA") during the period from February to June 2021. During this time frame, Plaintiffs performed work as employees of Defendants to renovate and clean the building where the restaurant was to be located. Plaintiffs seek recovery of unpaid minimum and overtime wages, liquidated damages,

attorney fees and costs under the FLSA and unpaid wages, penalties, and attorney fees under the Louisiana Wage Payment Act ("LWPA"), as well as out-of-pocket costs for materials and expenses related to the renovation and operation of the restaurant, down payments on homes purchased by Plaintiffs, commissions owed to Plaintiff Guadalupe Villagran, and other damages under claims for bad faith breach of contract, unjust enrichment, detrimental reliance and promissory estoppel.

## LAW AND ANALYSIS

Rules 401, 402, and 403 of the Federal Rules of Evidence set forth the most important rules on the admissibility of evidence. Rule 401 provides that evidence is "relevant" if it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. As the Fifth Circuit has stated, "evidence is relevant when it is persuasive or indicative that a fact in controversy did or did not exist because the conclusion in question may be logically inferred from that evidence."[2] If evidence is not relevant, it is inadmissible and should be excluded. Fed. R. Evid. 402. But even evidence that is relevant may nevertheless be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

This Court has great discretion in ruling on evidentiary matters such as motions *in limine*. *Buford v. Howe*, 10 F.3d 1184, 1189 (5th Cir. 1994). This discretion extends to the trial court's weighing of the probative value of evidence against the potential dangers posed

by its admission under Rule 403, which is a "question of legal relevance." *Wright v. Hartford Acc. & Indem. Co.*, 580 F.2d 809, 810 (5th Cir. 1978).

*Evidence of acceptance of wages below FLSA rates and LPWA claims and citizenship and immigration status*

In their reply, Plaintiffs withdraw the portion of their motion that seeks to exclude evidence or argument related to the Plaintiffs' acceptance of wages below the FLSA rates. Defendants also assert such evidence would be relevant as to Plaintiff's LPWA claims. The LPWA does not address minimum wage or overtime claims, but requires employers to pay their employees, upon discharge, "the amount due to them under the terms of employment." Louisiana Revised Statute 23:631(A)(1)(a). Therefore, the Court will allow evidence and/or testimony as to Plaintiffs' acceptance of wages to the extent it would be relevant to Plaintiffs' LPWA claims or is below the FLSA rates.

In addition, Defendants advise the Court that it does not intend to present evidence of Plaintiffs' citizenship or immigration status. As such, the Court will grant Plaintiff's motion in this regard.

*Filing of income taxes*

Plaintiffs argue that their payment of income taxes is irrelevant and would be a waste of the Court's time. Plaintiffs assert that the employer would have documents to reflect the payments it made to Plaintiffs, thus any Internal Revenue Service documents of Plaintiffs' payments of income taxes (or the lack thereof) are unnecessary. Plaintiffs assert that their motion in limine seeks to exclude, not the documents filed with the IRS, but the fact as to each individual Plaintiff as to whether or not they paid income taxes.

Defendants, noting that it is Plaintiffs' burden of proving that they were improperly compensated for work performed, argue that this inquiry is relevant because many of Plaintiffs' allegations are based solely on oral conversations. Therefore, Defendants argue that Plaintiffs' credibility will be at issue in this litigation. See *Chnapkova v. Koh*, 985 F.2d 79, 82-83 (2d Cir. 1993) (trial judge improperly excluded evidence that a party had failed to file tax returns; "evidence that a witness has made false statements in a tax return is obviously a matter which affects the witness's credibility" and "[t]he total failure to file tax returns for a period of eight years should be similarly admissible on the issue of [] truthfulness, subject to the discretionary considerations in Rules 403 and 608(b)). See also *United States v. Sullivan*, 803 F.2d 87, 90-91 (3d Cir. 1986), *cert. denied,* 479 U.S. 1036, 107 S.Ct. 889 (1987), *United States v. Zandi*, 769 F.2d 229, 236 (4th Cir. 1985); see also *United States v. Singer*, 241 F.2d 717 (2d Cir. 1957).  Defendants assert that the filing of income tax returns is a legal obligation and Plaintiffs' failure to accurately report their income goes to Plaintiffs' credibility and is relevant to whether or not they can meet their burden to demonstrate the amount of compensation they received from Defendant. Defendants remark that the parties are disputing whether Plaintiffs are due overtime wages, and if they are, in what amount. Additionally, Defendants suggest that Plaintiffs will argue that Defendants' time records are inaccurate or inadequate and attempt to bolster their overtime claims based solely on their testimony.  Thus, any evidence reflecting the amount of compensation Plaintiffs received, whether by cash or by check, or as evidence from the IRS, is material.

The Court notes that this is a bench trial, and each witness's credibility is as stake. Thus, the Court finds that Plaintiff's tax returns, and/or whether or not they filed their tax returns, which is their legal obligation, is relevant as to their credibility.

*Financial ability to pay*

Next, Plaintiffs move to exclude evidence of Defendants' financial ability to pay as being irrelevant. Defendants argues that its ability to pay is relevant to this case to the extent Plaintiffs suggest or attest to "agreed-upon" wage amounts that aggregate to more than what Defendants could afford to pay. Thus, Defendants contend that this bears directly on the reasonableness of Plaintiffs' testimony as to the pay rates purportedly agreed to by the parties. Additionally, the LWPA preclude the assessment of penalty wages in the event the employer's failure or refusal to pay wages due was "in good faith." Louisiana Revised Statute 23:632(B). The Court will defer its decision as to this issue until the trial of this matter, depending upon the context in which it presents itself.

## CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Plaintiffs' Motion in Limine (Doc. 30) is **GRANTED** in part and **DENIED** in part. The Motion is granted as to the exclusion of any evidence or testimony as to Plaintiffs' immigration status, otherwise, the Motion is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 7th day of September, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE