UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CAROLINA VILLAGRAN, ET AL** | **CIVIL ACTION NO.: 2:22-CV-170** |
| VS. | JUDGE: JAMES D. CAIN, JR. |
| **LA HERRADURA, LLC AND RIGOBERTO MELENDEZ** | MAGISTRATE JUDGE: KATHLEEN KAY |

**PRETRIAL STATEMENT**

Counsel for plaintiffs Carolina Villagran, Patricia Villagran, Guadalupe Yesenia Villagran, Joel Isai Rosas, Francisco Javier Angel Perez, and Jorge Alejandro Aranda, submit the following Pretrial Statement to the Court and opposing Counsel.

1.   <u>Jurisdiction</u> (cite statutory basis):

The plaintiffs filed this suit in this federal court against the defendants for unpaid wages, unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), as well as other related claims arising from the wrongful acts committed by the defendants during the plaintiffs' employment with the defendants. This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and the FLSA.

This Court also has supplemental jurisdiction over the plaintiffs' related state law claims under 28 U.S.C. § 1367, as those state law claims, including claims for unpaid wages under the Louisiana Wage Payment Act, La. R.S. 23:631 *et seq.*, arise from the same facts and circumstances and are so related to the federal FLSA claims over which the Court has original jurisdiction under 28 U.S.C. § 1331 that they form part of the same case or controversy.

This Court also has jurisdiction over the claims asserted in this suit under 28 U.S.C. §1332, as there is complete diversity of citizenship between all plaintiffs and all defendants, and the plaintiffs each seek recovery in excess of $75,000.00.

2.  Pending Motions:

The only motion pending at this time is the plaintiffs' "Motion for Partial Summary Judgment Finding Defendant Liable for Unpaid Minimum Wages, Liquidated Damages, Attorney Fees, and Costs" (Doc. 20). That motion has been fully briefed by the parties.

3.  Brief Summary of Case:

The plaintiffs filed this suit because of the defendants' failure and continued refusal to pay the plaintiffs all amounts owed to them under the law as well as amounts the defendants agreed to pay them for work they performed for the defendants. In early 2021, following the damage caused by Hurricanes Laura and Delta, defendant Rigoberto Melendez agreed with plaintiff Guadalupe Villagran to hire the plaintiffs to renovate a building in Lake Charles so that it could be operated as a restaurant owned by Mr. Melendez under his LLC, La Herradura, LLC. As part of the agreement, once the plaintiffs had completed the renovations, they would operate the restaurant. Because Guadalupe Villagran would be serving as the manager of the restaurant, Mr. Melendez further agreed to share in the profits of the business with her. However, Mr. Melendez was from the beginning and has always remained the owner of the restaurant throughout the plaintiffs' employment, and despite arguments that Guadalupe Villagran was an "owner" of the business, the defendants took no formal steps to make her a legal owner, either through a contract or the filing of paperwork with the Louisiana Secretary of State to add her as a member or manager of the LLC.

The plaintiffs' case can be broken down into two periods: (1) the period before the restaurant was opened, and (2) the period during which the restaurant was open and being operated

by the plaintiffs. As to the first period, pursuant to agreement between the plaintiffs and the defendants, the plaintiffs worked to renovate the building from around February 23, 2021, through about June 13, 2021. During that time, the plaintiffs incurred out of pocket costs for travel and supplies which have not been fully reimbursed by the defendants. The defendants also failed to pay the plaintiffs all of the agreed upon amounts that were owed to them for their time and labor in performing those renovations. The defendants were not present during most of this time, so they have no personal knowledge of and therefore cannot dispute how much time, money, or effort the plaintiffs spent on performing renovations. In addition to labor and expenses, the defendants also agreed to pay some of the plaintiffs their housing costs, in the form of a down payment on the purchase of their homes, because they had to relocate from their homes around Austin, Texas, to Lake Charles to operate the restaurant. The defendants have also failed to hold up their end of the bargain as to these agreed-upon housing costs.

As to the second period of time at issue in this case, once the renovations were completed, the plaintiffs opened the restaurant as El Patron Restaurant on June 14, 2021. They operated the restaurant until their employment was terminated by the defendants on September 8, 2021. The defendants failed to pay the plaintiffs the federally mandated minimum wages or overtime wages during their employment, in violation of the FLSA. Further, the plaintiffs and defendants had agreed upon the amounts of bi-weekly wages that were to be paid to the plaintiffs during their employment. However, even if those amounts had been paid in full for every bi-weekly period of their employment, that still would have resulted in the plaintiffs being paid less than the federal minimum wage and overtime rates based on the number of hours they worked each week. Regardless, the defendants failed to pay the plaintiffs even those agreed-upon bi-weekly wages for all periods of their employment.

Although there is a dispute between the parties as to the number of hours worked by the plaintiffs each week throughout their employment, the defendants failed to maintain documentation or records regarding the plaintiffs' employment, including the hours worked or amounts paid. Even when some limited payroll records were created, those records were unreliable and inaccurate. Specifically, during the plaintiffs' employment, Raul Mendez, who Mr. Melendez relied upon to keep an eye on his business, put Guadalupe Villagran in touch with Mariana Bustos, a bookkeeper in El Paso, Texas who has handled the books for some of the defendants' other businesses. Ms. Bustos was supposed to assist with preparing payroll statements based on the information that Guadalupe Villagran was to provide to her. However, Mr. Mendez actually exercised control over that process, and instructed Guadalupe Villagran that she was only allowed to submit 80 hours per person for each bi-weekly period, which was far less than what the plaintiffs were actually working each pay period. As a result, for the periods during which Ms. Bustos was handling payroll, the plaintiffs were paid far less than either their actual hours worked or their agreed-upon bi-weekly wages, and since only 80 hours were submitted for each two-week period, the plaintiffs' payroll statements never included overtime pay. In addition, it is undisputed that the defendants did not pay the plaintiffs anything at all for the final four weeks of their employment, and no matter how that pay is to be calculated, the defendants still owe them their last four weeks of wages. The defendants contend that they attempted to pay the plaintiffs through Mr. Mendez's efforts to meet up with the plaintiffs at a casino, but despite the defendants' acknowledgment that they failed to pay the plaintiffs the amounts that are undisputedly owed to them, the defendants still took no steps at all to deliver the unpaid wages to the plaintiffs after their termination, which they easily could have done by simply mailing the checks to the plaintiffs at the addresses on the payroll documents already within the defendants' possession. There is no excuse for the

defendants' refusal to take any steps to deliver these undisputed amounts they acknowledge were and still are owed to the defendants.

La Herradura, LLC is not the only defendant liable for the plaintiffs' unpaid wages and other amounts due. As the owner and person with complete control over the business, Mr. Melendez is also liable as an employer of the plaintiffs. He is also liable for breach of the promises he made to the plaintiffs which enticed them to renovate the restaurant and relocate to Louisiana. In addition, during the time the plaintiffs were involved in operating the restaurant, Mr. Melendez and Mr. Mendez each withdrew funds from the La Herradura, LLC bank account, depleting the restaurant's funds and ultimately causing the plaintiffs' last paychecks to be unpaid because of non-sufficient funds. Mr. Melendez acknowledged that he withdrew funds from the La Herradura, LLC account because he considered the funds in the account to be his own, and in fact he deposited some of those funds into a personal account that he used for other ventures under the name Rigo's Enterprise, LLC. Mr. Melendez also used personal funds from his Rigo's Enterprise, LLC account to pay for business expenses associated with La Herradura, LLC. As a result of this commingling of personal and business funds, Mr. Melendez and Rigo's Enterprise, LLC are each liable for any amounts owed by La Herradura, LLC, through the alter ego and/or single business enterprise theories of liability.

The defendants' failure to pay the plaintiffs for all of the hours that they worked including minimum wages and overtime hours was a willful, knowing, and intentional violation of the Fair Labor Standards Act, including but not limited to 29 U.S.C. § 206, which requires an employer to pay its employees no less than $7.25 per hour, and 29 U.S.C. § 207(a)(1), which states that no employer shall employ any employee "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a

5

rate not less than one and one-half times the regular rate at which he is employed." As a result of these violations, the plaintiffs are entitled to all amounts recoverable under 29 U.S.C. § 216(b), including unpaid minimum wages and overtime wages, liquidated damages, attorney's fees, and costs of the action. The defendants also violated La. R.S. 23:631 *et seq.* in failing to pay the plaintiffs all wages due to them within 15 days of discharge after demands were made upon the defendant, so that the defendants are liable not only for the amounts that should have been paid to each plaintiff, but also for 90 days wages to each employee as a penalty plus attorney fees. The defendants are also liable for all other damages resulting from the fraud and breach of the oral contract with the plaintiffs, including unreimbursed out of pocket costs incurred by the plaintiffs, the costs of down payments on homes paid by the plaintiffs in reliance upon the defendants' promise to pay such costs, and general damages caused by the defendants' breach.

4. <u>Issues of Fact:</u>

1. The terms and conditions of the parties' agreements for payment of wages for time and labor associated with the plaintiffs' renovation of the building and operation of the restaurant.

2. The plaintiffs' bi-weekly rates for time and labor associated with the renovation of the building and the operation of the restaurant.

3. The plaintiffs' regular and overtime hourly rates associated with the renovation of the building and the operation of the restaurant.

4. The total number of hours worked by each of the plaintiffs during their employment with the defendants.

5. The total amount the defendants paid to each plaintiff during each week of their employment with the defendants.

6. The total amount still owed to each plaintiff for unpaid wages for their employment with the defendants.

7. The total amount of commissions owed to plaintiff Guadalupe Yesenia Villagran based on the profit made by the restaurant during the plaintiffs' employment.

8. The terms and conditions of the parties' agreements for reimbursement of out-of-pocket expenses incurred by the plaintiffs for renovation of the building and operation of the restaurant.

9. The total amount of out-of-pocket costs and expenses incurred by the plaintiffs for repair of the building and operation of the restaurant which are owed by the defendants.

10. The terms and conditions of the parties' agreements for reimbursement of the plaintiffs' down payments on the purchase of their homes.

11. The total amount owed to the plaintiffs for reimbursement of the down payments on the purchase of their homes.

12. Whether defendant Rigoberto Melendez commingled funds associated with the operation of the restaurant from the account of La Herradura, LLC with his personal funds in the account of Rigo's Enterprise, LLC.

13. Whether the defendants failed to maintain accurate records of the plaintiffs' employment, including hours worked and amounts paid.

  14. The total amount of damages owed to the plaintiffs for mental pain and suffering, emotional anguish, stress, inconvenience, and annoyance.

  15. The total amount of all other damages or other sums owed to the plaintiffs based on the defendants' agreement and conduct.

  16. The total amount of liquidated damages and/or penalties owed by the defendants

  17. The total amount of attorney fees and costs owed by the defendants to the plaintiffs.

5. <u>Issues of Law</u>:

  1. The application of the minimum wage and overtime wage requirements of the Fair Labor Standards Act.

  2. Whether the defendants violated the FLSA in failing to pay the plaintiffs minimum wages and overtime wages as required by the law.

  3. Whether the defendants are liable for liquidated damages under the FLSA.

  4. Whether the defendants are liable for attorney fees and costs under the FLSA.

  5. The application of the Louisiana Wage Payment Act, La. R.S. 23:631 *et seq.*

  6. Whether the defendants are liable to the plaintiffs for unpaid wages, penalties, and attorney fees for violation of the LWPA by failing to pay all amounts due to the plaintiffs within 15 days of discharge.

  7. Whether Rigoberto Melendez is an employer under the FLSA and/or the LWPA.

  8. Whether the plaintiffs and the defendants entered into a contract for repair of the building and operation of the restaurant.

  9. Whether the defendants breached the contract with the plaintiffs in bad faith.

  10. Whether the defendants are liable for all damages sustained by the plaintiffs, foreseeable or unforeseeable, caused by the defendants' bad faith breach of contract.

  11. Whether the defendants' conduct caused the plaintiffs to suffer other compensatory and/or general damages.

  12. Whether Rigoberto Melendez and Rigo's Enterprise, LLC are individually, jointly, and solidarily liable for amounts owed to the plaintiffs by La Herradura, LLC under the alter ego doctrine and/or single business enterprise doctrine.

> 13. The legal effect of the defendants' failure to maintain records regarding the operation of the restaurant, including the hours worked by the plaintiffs.

6. <u>Lists of Witnesses</u>: Please list all witnesses, except for impeachment witnesses; "will call" witnesses must be identified with particularity. Include names, telephone numbers, addresses, and email addresses, if available.

   **<u>Plaintiffs' Will Call Witnesses:</u>**

   1. Plaintiff Guadalupe Yesenia Villagran
      2333 17th Street
      Lake Charles, LA 70601
      *c/o Roy Bergeron*
      SIMIEN & SIMIEN, L.L.C.
      Attorneys and Counselors at Law
      7908 Wrenwood Boulevard
      Baton Rouge, Louisiana 70809
      Telephone: 225-932-9221

   2. Plaintiff Joel Rosas
      2354 14th Street
      Lake Charles, LA 70601
      *c/o Roy Bergeron*
      SIMIEN & SIMIEN, L.L.C.
      Attorneys and Counselors at Law
      7908 Wrenwood Boulevard
      Baton Rouge, Louisiana 70809
      Telephone: 225-932-9221

   3. Plaintiff Francisco Perez
      2333 17th Street
      Lake Charles, LA 70601
      *c/o Roy Bergeron*
      SIMIEN & SIMIEN, L.L.C.
      Attorneys and Counselors at Law
      7908 Wrenwood Boulevard
      Baton Rouge, Louisiana 70809
      Telephone: 225-932-9221

   4. Plaintiff Jorge Alejandro Aranda Torres
      18221 Canopy Lane
      Manor, TX 78653
      *c/o Roy Bergeron*
      SIMIEN & SIMIEN, L.L.C.
      Attorneys and Counselors at Law
      7908 Wrenwood Boulevard

        Baton Rouge, Louisiana 70809
        Telephone: 225-932-9221

5.   Plaintiff Carolina Villagran
      2354 14th Street
      Lake Charles, LA 70601
      *c/o Roy Bergeron*
      SIMIEN & SIMIEN, L.L.C.
      Attorneys and Counselors at Law
      7908 Wrenwood Boulevard
      Baton Rouge, Louisiana 70809
      Telephone: 225-932-9221

6.   Plaintiff Patricia Villagran
      19809 Per Lange Pass
      Austin, TX 78653
      *c/o Roy Bergeron*
      SIMIEN & SIMIEN, L.L.C.
      Attorneys and Counselors at Law
      7908 Wrenwood Boulevard
      Baton Rouge, Louisiana 70809
      Telephone: 225-932-9221

7.   Defendant Rigoberto Melendez
      550 McArthur Drive
      Alexandria, Louisiana
      *May be contacted through defense counsel*

8.   Raul Mendez
      109 Rue Donahue
      Pineville, Louisiana

9.   Mariana Bustos (via deposition testimony)
      2021 East Yandell
      El Paso, Texas

7.   <u>Exhibits</u>: All exhibits should be made available to opposing counsel as soon as possible. All objections to authenticity or admissibility must be made 14 days prior to trial.

| EX. NO. | BATES NO. | DESCRIPTION |
|---|---|---|
| P-1 | PLAINTIFFS000092-122; Defendants 025-70 | La Herradura, LLC Capital One Bank Statements |
| P-2 | PLAINTIFFS0000001-83, 132-150, 152 | Receipts for Plaintiffs' Out-of-Pocket Expenses During Renovations |

| P-3 | PLAINTIFFS000123-130 | Receipts for Plaintiffs' Out-of-Pocket Expenses During Operation of the Restaurant |
|---|---|---|
| P-4 | PLAINTIFFS000177-188 | Photographs of Plaintiffs' Repairs and Renovations of Restaurant |
| P-5 | PLAINTIFFS000167-176, 202-206; Defendants 001-20 | Plaintiffs' Paystubs and W-2s |
| P-6 | PLAINTIFFS000084, 209-214 | Plaintiffs' home down payment documents |
| P-7 | PLAINTIFFS000190-196; Defendants 021, 71-72 | Text messages between Guadalupe Villagran and Raul Mendez |
| P-8 | PLAINTIFFS000085-91, 131, 151, 153, 207-208 | Handwritten notes by Guadalupe Villagran regarding expenses and hours worked |
| P-9 | PLAINTIFFS000154 | NSF paychecks to Jorge Alejandro Aranda Torres |
| P-10 | PLAINTIFFS000157-160, 162 | E-mails setting up account with Sysco |
| P-11 | PLAINTIFFS000197 | E-mail chain regarding power of attorney |
| P-12 | PLAINTIFFS000156 | Retail Food Plan Review Questionnaire |
| P-13 | PLAINTIFFS000189 | March 24, 2021 Realty Source letter to Rigoberto Melendez |
| P-14 | Video of Restaurant 1.MOV | Interior video of restaurant before renovations |
| P-15 | Video of Restaurant 2.MOV | Interior video of restaurant before renovations |
| P-15 | Video of Restaurant 3.MOV | Exterior video of restaurant before renovations |
| P-16 | Phone conversation.MOV | Video recording of telephone call between Guadalupe Villagran and Raul Mendez |
| P-17 | Phone conversation pt 2.MOV | Video recording of telephone call between Guadalupe Villagran and Raul Mendez |

8. <u>Depositions</u>: List all depositions which may be offered in whole or in part. If in part, specify the part which will be offered by page and line numbers. Opposing counsel shall make any objections 14 days prior to trial.

The plaintiff will introduce the below designated portions of the deposition of Mariana Bustos, who is located in El Paso, Texas, and therefore cannot be compelled to appear for trial.

**PLAINTIFF'S DESIGNATED DEPOSITION EXCERPTS FOR MARIANA BUSTOS**

| FROM | | TO | |
|---|---|---|---|
| Page | Line | Page | Line |
| 10 | 17 | 10 | 24 |
| 12 | 25 | 14 | 6 |

11

| | | | |
|---|---|---|---|
| 15 | 3 | 16 | 16 |
| 16 | 22 | 19 | 10 |
| 20 | 20 | 21 | 23 |
| 24 | 22 | 26 | 19 |
| 28 | 13 | 28 | 25 |
| 29 | 7 | 29 | 13 |
| 30 | 11 | 30 | 13 |
| 30 | 19 | 31 | 9 |
| 42 | 23 | 43 | 19 |
| 52 | 18 | 53 | 18 |

9. <u>Stipulations</u>:  State or attach any stipulations already agreed upon by counsel.

   None at this time.

10. <u>Estimated Length of Trial</u>:  3 days.

11. <u>Other Matters that Should be Made Known to the Court</u>:

    All of the witnesses appearing live in this case except for plaintiff Joel Rosas will require a Spanish-English translator.

**DATE:** September 12, 2023

Respectfully submitted:

Simien & Simien, L.L.C.
Attorneys and Counselors At Law
7908 Wrenwood Boulevard
Baton Rouge, Louisiana 70809
(225) 932-9221; (225) 932-9286 (fax)

     *s/Roy Bergeron, Jr.*
By:   Eulis Simien, Jr., Bar # 12077
       eulissimien@simien.com
       Jimmy Simien, Bar # 1598
       jimmysimien@simien.com
       Roy L. Bergeron, Jr., Bar # 33726
       roybergeron@simien.com